# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLIFFORD EUGENE MCCLAIN, II,
A/K/A CLIFFORD EUGENE MCLAIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68878

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Clifford McClain's September 19, 2012, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. McClain contends that he received ineffective assistance from his trial counsel, Michael Schwarz. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised

*17-05652*

reasonable professional judgment in all significant decisions, *Strickland,* 466 U.S. at 690, and "counsel's strategic or tactical decisions will be 'virtually unchallengeable absent extraordinary circumstances,'" *Lara v. State,* 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (internal quotation marks omitted).

First, McClain contends that counsel labored under a conflict of interest as demonstrated by counsel's attempt to establish at trial that M. Nelson—McClain's mother and payer of his defense costs—was not involved in the victim's death. Counsel explained at the postconviction evidentiary hearing that he was trying to rebut implications that Nelson had tampered with crime scene evidence, which would have undermined the defense's self-defense theory. That McClain's initial representation had withdrawn because of Nelson's purported interference in the defense is irrelevant to whether counsel labored under a conflict of interest, especially where counsel testified that it was McClain's interests that he was representing. McClain has failed to demonstrate that counsel suffered from divided loyalties such "that an actual conflict of interest adversely affected his . . . performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980); *Clark v. State,* 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). The district court therefore did not err in denying this claim.

Second, McClain contends that counsel failed to investigate and explore the inconsistencies in Nelson's trial testimony. McClain's bare claim fails to explain how the defense investigator could have conducted a *pretrial* investigation into alleged inconsistencies in Nelson's *trial* testimony. Further, where Nelson corroborated McClain's self-defense theory and was thus one of the defense's key witnesses, McClain has failed to demonstrate that counsel was objectively unreasonable in not

exploring the alleged inconsistencies in Nelson's testimony. McClain also fails to demonstrate what the result of additional investigation would have revealed, *see Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004), or how exploration of Nelson's inconsistencies would have led to a reasonable probability of a different outcome at trial. Accordingly, McClain has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim.

Third, McClain contends that counsel should not have conceded his guilt to manslaughter without first consulting with him or obtaining his approval. The record does not support McClain's contention that counsel conceded his guilt in closing arguments. Trial counsel repeatedly argued that McClain was innocent because he acted in self-defense, although counsel hedged that, at the most, the jury might find McClain committed manslaughter. Trial counsel testified at the evidentiary hearing that his primary focus was on avoiding a first-degree murder conviction, and McClain has failed to demonstrate that this strategy was objectively unreasonable. *See generally Armenta-Carpio v. State*, 129 Nev. 531, 306 P.3d 395 (2013) (holding that concession of guilt is a trial strategy and, same as any other trial strategy, does not require client's consent but may be challenged only to extent that counsel's performance fell below objective standard of reasonableness and prejudiced the defense). The district court therefore did not err in denying this claim.

Fourth, McClain contends that counsel failed to adequately prepare for trial and thus failed to adequately cross-examine and impeach witnesses S. Allen, B. DiPietro, and R. Trujillo where their testimony differed from other evidence offered at trial. McClain's bare claims do not

specify what counsel should have done to better prepare for trial or what the result of that preparation would have been. As to his cross-examination claims, Allen testified three days before the conflicting testimony was introduced, and McClain has failed to demonstrate that counsel was objectively unreasonable in not predicting that future testimony. DiPietro testified about seeing the victim shortly after a 2006 domestic-violence incident between McClain and the victim. DiPietro's testimony as to the time she met the victim was not inconsistent with other evidence, and counsel focused his cross-examination on other perceived inconsistencies. Trujillo testified about a 2003 domestic-violence incident between McClain and the victim, and counsel again focused the cross-examination on other perceived inconsistencies. McClain has failed to demonstrate that counsel's cross-examination strategies in regard to DiPietro and Trujillo were objectively unreasonable. Finally, McClain failed to produce any of these witnesses at the postconviction evidentiary hearing or indicate what the outcome of the desired cross-examination would have been, and he has thus failed to demonstrate a reasonable probability of a different outcome had counsel questioned them on the alleged inconsistencies. Accordingly, McClain has not shown deficient performance or prejudice. The district court therefore did not err in denying these claims.

Fifth, McClain contends that counsel failed to adequately prepare for trial and thus was unable to advocate his theory of the case by submitting evidence of the victim's character and propensity for violence. McClain's bare claim does not specify what counsel should have done to better prepare for trial or what the result of that preparation would have been. McClain argues that counsel should have introduced evidence that

SUPREME COURT
OF
NEVADA

(O) 1947A

4

the victim had been allowed only supervised visits with her children, but McClain does not explain the relevance to her character, and Nelson's testimony indicated that the supervision had ended. McClain also argues counsel should have introduced evidence that the victim previously became enraged when she believed McClain was seeing other women, but McClain failed to demonstrate by a preponderance of the evidence that T. Simmons would have so testified or that he was in a dating relationship at the time of the murder, and counsel did elicit testimony from a former girlfriend that the victim had left her a threatening voicemail when she was dating McClain. Finally, McClain argues counsel should have introduced evidence that the victim retracted her statement in regard to the 2003 domestic-violence incident and admitted to being the initial aggressor. However, counsel did attempt to introduce this evidence, but the district court excluded it. McClain does not state what more counsel should have done to get the desired evidence admitted or that the evidence would have been admitted as a result and would have changed the result of the trial. *Cf. Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996) (holding that to establish prejudice from counsel's failure to file motion, appellant must demonstrate that motion was meritorious and that there was a reasonable probability that it would have changed the result of the trial). Accordingly, McClain has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim.

To the extent McClain claims that counsel should have explored whether additional pretrial investigation and motion work was necessary and lacked a defined trial strategy, McClain has not provided cogent argument, and we therefore decline to address those claims. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). We also decline

to address several claims raised for the first time in McClain's reply brief: that counsel was ineffective for failing to investigate the victim's history of mental health problems, for failing to uncover and gather information regarding the inadequate police investigation, and for asking unfocused questions of witnesses. *See* NRAP 28(c) (limiting scope of reply briefs).

Finally, McClain contends that the cumulative errors of trial counsel warrant relief. Even assuming that multiple deficiencies in counsel's performance may be cumulated to establish prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), McClain has not demonstrated any deficient performance, and thus there is nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                    Stiglich

cc:    Hon. Michelle Leavitt, District Judge
       McLetchie Shell LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Despite bearing a burden of demonstrating that the result of the trial would have been different absent the alleged deficiencies of trial counsel, McClain failed to provide this court with the full trial transcripts. *See* NRAP 30. The State provided the missing transcripts.